# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| RICHARD T. STANDIFUR, | CV 23-64-H-BMM |
| Plaintiff, | |
| vs. | ORDER |
| MONTANA STATE HOSPITAL, DAVID COLBERTSON, and DR. VIRGINIA HILL, | |
| Defendants. | |

Plaintiff Richard T. Standifur ("Standifur"), a pro se state prisoner proceeding in forma pauperis, filed a civil rights complaint on September 18, 2023, under 42 U.S.C. § 1983. (Doc. 2.) Standifur generally alleges his Eighth Amendment rights were violated during three separate commitments to the Montana State Hospital at Warm Springs. The most recent of these alleged violations occurred in April 2018. (*Id*. at 3–5.)

Standifur was advised that it appeared his complaint was filed outside the applicable limitations period. (Doc. 5.) The Court provided Standifur an opportunity to show cause why the matter should not be dismissed by either establishing that he was entitled to equitable tolling or demonstrating that the Court incorrectly analyzed the statute of limitations. (*Id*. at 3–5.) Standifur timely responded. (Doc. 7.)

1

The Court is required to screen complaints filed by pro se prisoners under 28 U.S.C. § 1915A, and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The Court has reviewed the Complaint and Standifur's response to the show cause order and finds dismissal with prejudice is appropriate because the statute of limitations applicable to § 1983 actions bars the alleged claims. The Court further determines leave to amend would be futile. No amendment will alter the fact that the alleged violations are barred by the statute of limitations.

**Analysis**

Standifur was at the State Hospital on the following dates: February 22, 2000 to February 19, 2004; May 10, 2010 to July 27, 2011; and February 2, 2016 to April of 2018. (Doc. 2 at 5.) Standifur alleges that head doctor Virginia Hill prescribed him extremely high doses of anti-psychotic drugs that resulted in several overdoses and caused permanent damage. Along with Dr. Hill, Standifur names Warm Springs Administrator David Colbertson as a defendant. (*Id*. at 2.) Standifur asserts that he has become dependent on medication and that it has shifted the chemical balance in his brain to the point that he does not focus well, cannot maintain employment, and cannot hold relationships. (*Id*. at 5.) Standifur states that he has been put into manic

anger or depression and likely will have to rely upon treatment for the rest of his life. (*Id.*)

Standifur seeks $20,000 for each month spent at Warm Springs and $1,400 for each day in the past he was out of Warm Springs between his commitments to the facility. Standifur also seeks $1,400 each day in damages for the next 20 years. (*Id.*)

**§ 1983 Statute of Limitations**

The U.S. Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1). Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Thus, "[a]n action ordinarily accrues on the date of the injury." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012).

Standifur alleges that his rights were violated during three separate stays at the Montana State Hospital beginning in 2000 and concluding in 2018. Standifur alleges that during these stays he was over prescribed medication and that he

continues to experience the after-effects of this overmedication to the present day. The acts accrued, at the latest, in April of 2018 and fall outside the § 1983 limitations period. As previously explained to Standifur, all claims accruing before September 18, 2020, are barred by the applicable statute of limitations. Accordingly, Standifur's claims are subject to dismissal due to the untimely filing.

The Court considers whether there are grounds to equitably toll the limitations period when a party files a complaint outside the statute of limitations. The Court applies Montana state law regarding equitable tolling for § 1983 actions. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *see also Belanus v. Clark*, 796 F.3d 1021, 1026 (9th Cir. 2015).

The Court previously has outlined the history underpinning the application of the equitable tolling doctrine in Montana. *Running Crane v. United States et al.*, Cause No. CV-21-86-GF-BMM, Ord. (D. Mont. Oct. 5, 2022). Generally, in Montana equitable tolling applies only in limited circumstances. *Lozeau v. GEICO Indem. Co.*, 207 P.3d 316, 319 (Mont. 2009). Equitable tolling extends the statute of limitations in situations when a party "reasonably and in good faith pursues one of several possible legal remedies . . ." *Schoof v. Nesbit*, 316 P.3d 831, 840 (internal citations omitted). Equitable tolling also may be applied in "rare and exceptional circumstances," such as when a "defendant is responsible for concealing the existence of [a] plaintiff's cause of action." *Id.*

Standifur suggests equitable tolling should apply because he remained medicated until 2021. (Doc. 7 at 2.) Standifur states this medication clouded his judgment and impaired his comprehension and decision-making. (*Id.*) Standifur began seeing the Center for Mental Health in Great Falls, Montana at some unidentified point. There, Standifur claims that he was advised of the side-effects of long-term overmedication. Standifur asserts that it has taken nearly two years for him to obtain "an outward semblance of normalcy and cognitive ability" to understand what had been done to him. (*Id.*) Standifur explains that he recently read a newspaper article detailing a lawsuit that had been filed against the Montana State Hospital by other people who experienced similar treatment as Standifur, and this article prompted him to take action. (*Id.*)

Standifur's explanation fails to present a rare and exceptional circumstance. Nothing in the record suggests that Defendants concealed the cause of action from Standifur or prevented him from filing in this Court. Similarly, Standifur has not shown that he acted diligently. Standifur filed the present action 2 years after the statute of limitations had expired and 5 years after the final alleged constitutional violation. According to Standifur, he continued his course of medication until 2021. Accepting this fact as true, as the Court is required to do, *see Hamilton v. Brown*, 630 F.3d 889, 892–93 (9th Cir. 2011), Standifur still waited an additional two years before filing in this Court. Standifur provides no explanation for this delay.

5

Accordingly, Standifur cannot show that he acted reasonably or diligently to pursue his claims. Finally, the Court notes that Standifur was charged with burglary on June 29, 2019. The Montana state court sentenced Standifur to 5 years with the Montana Department of Corrections in October of 2019. *See* Montana Offender Correctional Network: https://app.mt.gov/conweb/Offender/46113/ (accessed February 14, 2024). Nothing in the record indicates that Standifur was unfit to proceed in the criminal matter due to overmedication or an inability to appreciate the criminality of his actions. No equitable grounds exist to allow the complaint to proceed.

Standifur's untimeliness precludes leave to amend. The Court applies less stringent pleading standards to pro se plaintiffs and liberally construes pro se filings. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Pro se plaintiffs are given leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). No amendment can remove the bar imposed by the statute of limitations. Amendment would be futile and will be denied.

## ORDER

1. This matter is dismissed with prejudice. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that the matter has been filed outside of the applicable limitations period and amendment would be futile.

DATED this 21st day of February, 2024.

_____
Brian Morris, Chief District Judge
United States District Court